## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  **v.**

**$3,045,783.91, COMPRISED OF:, *et al.,***

      **Defendants.**

Civ. No. 2:16-01294 (WJM)

**ORDER**

     **THIS MATTER** comes before the Court on the United States' ("Plaintiff) unopposed motion for default judgment against $3,045,783.91 of United States currency, comprised of various amounts of money from several bank accounts held in the name of RA's Merchandise, LLC and belonging to Arlene and James Platterborze ("the Currency"). For the reasons stated below, Plaintiff's motion will be **DENIED WITHOUT PREJUDICE**.

     "Three factors control whether a default judgment should be granted: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a ligitable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d. Cir. 2000) (internal citations omitted). Where a court enters a default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990). A damages amount may be determined without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages

specified in the default judgment." *United States v. $24,700 in U.S. Currency*, 2015 WL 4647978 at *2 (D.N.J. Aug. 5, 2015) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)).  At this time, the Court cannot ensure that there is a basis for the damages specified in the default judgment.  Plaintiff has failed to provide any documentary evidence, such as bank records or financial statements, to support its assertions that this specific amount of Currency constitutes or is derived from gross proceeds obtained directly or indirectly from wire fraud or bank fraud, in violation of 18 U.S.C. §§ 1343 or 1344.  And the Court cannot take at face value the Complaint's factual allegations relating to damages.  *Comdyne I, Inc.,* 908 F.2d at 1149.

Moreover, the Defendant Currency may have a litigable defense: Plaintiff has failed to establish by a preponderance of the evidence that civil forfeiture is warranted. 18 U.S.C. § 983(c)(1); *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 (2d Cir. 2002) ("if the government fails to meet its burden of proof . . . the claimant need not produce any evidence at all.").  Plaintiff's Verified Complaint does not state that any charges have or will be filed against the Platterborzes, nor does it indicate that the Platterborzes have admitted culpability.  The Complaint states that the Platterborzes orally waived their rights to the Currency, and that Ms. Platterborze memorialized her waiver, but Plaintiff has not provided a copy of that waiver to the Court.  The "nexus" between the Currency and the alleged criminal activity is equally tenuous – as described above, Plaintiff has not sufficiently described the flow of money between different accounts, or how the transactions were a part of the alleged chargeback

scheme.  *See, e.g., United States v. Ten Thousand Seven Hundred Dollars & No Cents in U.S. Currency*, 258 F.3d 215, 225 (3d Cir. 2001) (holding that "the government's proofs, even when considered in the aggregate, simply are not strong enough to establish probable cause to believe that there had been, or was about to be, a violation of the drug laws involving this currency"); *United States v. Beltramea*, 785 F.3d 287, 290-91 (8th Cir. 2015) (holding that "[t]he government presented no factual allegations connecting the [property] to any offense for which [Defendant] was convicted; accordingly, the district court plainly erred" in entering the forfeiture).

Finally, the factors weigh in favor of denying default judgment without prejudice: (1) Plaintiff suffers no prejudice, as it can simply refile its Complaint; (2) the Platterborzes may have a meritorious defense to the Complaint; and (3) the reason for the Platterborzes's delay in responding is unknown.  *Chamberlain*, 210 F.3d at 164.  *See generally DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 167 n.6 (3d Cir. 2005) (discussing "the need to undertake a close examination" in civil forfeiture actions due to a "growing concern over the magnitude of the damages requested . . . . [where] United States district courts regularly are being asked to act as a rubber stamp") (citing and quoting *DirecTV v. DeCroce,* 332 F.Supp.2d 715, 717 (D.N.J. 2004)).  Consequently,

**IT IS** on this 1st day of July 2016, hereby,

**ORDERED** that Plaintiff's motion for default judgment against the Currency is

**DENIED WITHOUT PREJUDICE**.  If Plaintiff wishes to file an amended Verified

Complaint, it must do so within 30 days of entry of this Order.


_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**